## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**SKILER RIECKS**                                                    **PETITIONER**

**VS.**                            **No. 4:22-cv-00712 KGB/PSH**

**DEXTER PAYNE, DIRECTOR,**
**Arkansas Division of Correction ("ADC")**              **RESPONDENT**

### ORDER

Petitioner Skiler Riecks ("Riecks") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Riecks is in ADC custody as a result of his 2020 conviction for sexual assault in the second degree. Riecks pled guilty to the charge in Independence County and was sentenced to twenty years' imprisonment. Riecks did not subsequently challenge his guilty plea in state court, and did not seek Rule 37 postconviction relief.

Riecks' habeas corpus petition alleges the following claims for relief:

1.    Ineffective assistance of counsel for failure to verify if the prosecutor had DNA evidence linking Riecks to the crime;

2.    Ineffective assistance of counsel for failing to obtain DNA testing;

3.   Prosecutorial misconduct in lying to Riecks' lawyer about DNA evidence; and

4.    Ineffective assistance of counsel when his lawyer coerced him into

1

accepting the twenty year sentence by telling Riecks he could receive a life sentence.

**Statute of Limitations**

Respondent Dexter Payne ("Payne") contends the statute of limitations bars consideration of these claims.  Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Payne contends Riecks should have filed his federal habeas petition on or before February 28, 2021, in order to comply with the timeliness provisions of 28 U.S.C. § 2244.  Specifically, Payne calculates Riecks' conviction became final thirty

days after the final amended sentencing order was entered on January 29, 2020. Payne calculates Riecks' federal habeas petition was filed about eighteen months after the limitations period expired.  Payne urges that Riecks' failure to act sooner is fatal to the petition.

Before making a final determination on the statute of limitations defense, the Court gives Riecks an opportunity to explain why his petition should not be dismissed. Riecks has until October 27, 2002 to submit a pleading in which he explains why the petition should not be dismissed as untimely.

**Procedural Default**

Payne also contends that none of Riecks' claims are properly before this Court due to his failure to adequately raise these claims in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny.

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court:  that is, if he was aware of the ground, but failed to pursue it to a final determination.  The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure.  *See also, Clark v. Wood*, 823 F.2d 1241, 1250-51 (8th Cir. 1987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. 1987).  The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (1986), and *Murray v. Carrier*, 477 U.S. 478 (1986).

3

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34.  However, one can discern from these cases several circumstances in which cause might be found:  first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. l (l984); or third, if the litigant failed to receive the effective assistance of counsel.  *See Murray v. Carrier*, 477 U.S. at 488.  In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause:  where a constitutional violation has probably resulted in the conviction of one who is actually innocent.  *Id.* at 496.

A review of the pleadings in this case indicates that Riecks did not adequately advance any of his claims in the Arkansas state court system by pursuing  a direct appeal or filing a Rule 37 petition.  As a result, dismissal may be proper due to procedural default.  Before making a final determination, though, the Court gives Riecks an opportunity to explain his failure to adequately raise claims in state court.  Riecks is granted until, and including, October 27, 2022, to submit a pleading in which he explains why the petition should not be dismissed as procedurally defaulted.  Final consideration of this petition will be postponed pending the receipt of that pleading.

IT IS SO ORDERED this 27th day of September, 2022.

_____
UNITED STATES MAGISTRATE JUDGE