IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**SKILER RIECKS**                                                                                     **PETITIONER**

No. 4:22-cv-00712 KGB/PSH

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction ("ADC")**                                      **RESPONDENT**

**FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Petitioner Skiler Riecks ("Riecks") seeks *habeas corpus* relief pursuant to 28 U.S.C. § 2254.  Riecks is currently in ADC custody.  He challenges a 2020 conviction from Independence County, Arkansas, for second degree sexual assault.  Riecks pled guilty to the charge and was sentenced to twenty years' imprisonment.  Having

1

entered a guilty plea, there was no direct appeal of the conviction. Riecks filed no other petitions, applications, or motions challenging his conviction in state court. Docket entry no. 2, page 2.

On August 10, 2022, Riecks filed this federal habeas corpus petition, alleging the following claims for relief:

1. Ineffective assistance of counsel for failure to verify if the prosecutor had DNA evidence linking Riecks to the crime;

2. Ineffective assistance of counsel for failing to obtain DNA testing;

3. Prosecutorial misconduct due to lying to Riecks' lawyer about DNA evidence; and

4. Ineffective assistance of counsel when his lawyer coerced him into accepting the twenty year sentence by telling Riecks he could receive a life sentence.

**Statute of Limitations**

Respondent Dexter Payne ("Payne") contends the statute of limitations bars consideration of these claims. Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Payne contends Riecks should have filed his federal habeas petition on or before February 28, 2021, in order to comply with the timeliness provisions of 28 U.S.C. § 2244. Specifically, Payne calculates that Riecks' conviction became final thirty days after the final amended sentencing order was entered on January 29, 2020. Payne claims that Riecks' federal habeas petition was filed about eighteen months after the limitations period expired, and that Riecks' failure to act sooner is fatal to the petition.

By Order dated August 27, 2022, the Court notified Riecks of his opportunity

to counter Payne's statute of limitations assertions. Riecks was directed to respond by September 27, but he has not submitted a response. For the reasons set forth below, the Court recommends that Riecks' petition should be dismissed.

Payne is correct that Riecks' conviction became final on February 28, 2020, thirty days after the entry of the amended sentencing order. *See Camacho v. Hobbs*, 774 F.3d 931 (8th Cir. 2015). Thus, the limitations period expired, as Payne calculated, eighteen months before Riecks filed this habeas corpus petition. Since Riecks admittedly filed no post-conviction petition in state court it follows that no statutory tolling of the limitations period occurred pursuant to 28 U.S.C. § 2244(2).

The failure to file a timely petition can also be excused by equitable tolling, as explained below:

> Equitable tolling is appropriate where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or where a defendant's conduct lulls the prisoner into inaction. *Id.* The doctrine applies "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." *Flanders v. Graves,* 299 F.3d 974, 977 (8th Cir.2002). Equitable tolling is an "exceedingly narrow window of relief." *(Citation omitted)*.

*Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

Riecks did not submit a pleading to explain why the limitations period should be equitably tolled, and there is no evidence before the Court to suggest that the

defendant lulled Riecks into inaction or that circumstances beyond Riecks' control made it impossible to file his petition on time. In his petition, Riecks seeks DNA testing to prove actual innocence as part of his second claim for relief. Specifically, he faults his attorney for failing to assist him in obtaining DNA testing and now requests that this Court order such testing to "further support my claims of actual innocence."[1] Docket entry no. 2, page 6. In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that actual innocence, if proved, may serve as a gateway through which the petitioner may pass to overcome the expiration of the statute of limitations. The Court emphasized, however, that a tenable actual innocence gateway plea is rare. To advance a tenable claim, Riecks must meet the standard set forth by the Supreme Court in an earlier case:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

---

[1] It is unclear from a review of the file whether DNA was collected from the victim or the scene of the crime. The Independence County Sheriff became aware of allegations of illegal sexual acts on April 17, 2018, and interviewed the thirteen year old victim three days later. The victim stated Riecks engaged in anal sex with him on April 15 in a bathroom at a park. Riecks, interviewed on May 22, was more descriptive than the victim, indicating he had oral and anal sex with the victim, and further acknowledging he knew the victim to be a minor. Docket entry no. 5-2. Riecks claims that the prosecutor lied to his attorney, claiming he had "solid" DNA evidence linking him to the crime. Docket entry no. 2 at 8.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995). Riecks "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327.

Riecks fails to meet this demanding standard. First, Riecks confessed to investigators, admitting he engaged in oral and anal sex with the thirteen year old victim. Second, he pled guilty to 2nd degree sexual assault before the state court judge, thus admitting again commission of the crime. Additionally, *Schlup v. Delo* requires a petitioner to offer "new reliable evidence" to support his innocence. Riecks offers no new or reliable evidence. Instead, he desires the opportunity to develop some evidence via DNA testing. Even assuming testing were now performed, Riecks does not establish that these results, by themselves, would prove his innocence. Actual innocence is a tall hurdle to clear, and even taller in this case, where Riecks confessed, pled guilty, and pursued no relief in state court following his conviction. In summary, Riecks falls short of showing actual innocence as a pathway to defeating the limitations period.

**Conclusion:**

There was no statutory or equitable tolling of the limitations period, for the reasons stated above. Accordingly, Riecks' August 2022 federal habeas petition was

untimely, and the Court recommends dismissal on that basis.[2]

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, it recommends that the certificate of appealability be denied.

IT IS SO RECOMMENDED this 15th day of November, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Payne is also correct that Riecks failed to adequately raise and pursue his claims in state court. This failure results in a procedural barrier to this Court's consideration of the claims. *See, e.g., Wainwright v. Sykes*, 433 U.S. 72 (1977).